```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Sandra D. Stevens,            :

    Plaintiff,             :

  v.                          :    Case No. 2:09-cv-0509

                                     :    JUDGE FROST

Commissioner of Social
Security,
                                     :

    Defendant.

## OPINION AND ORDER

This matter is before the Court to consider *de novo* the plaintiff's objections to a Report and Recommendation of the Magistrate Judge recommending that judgment be entered in favor of the Commissioner. Those objections were filed on March 3, 2010, and the Commissioner filed a response on March 16, 2010. For the following reasons, plaintiff's objections will be overruled and judgment will be entered for the defendant.

### I. Background

Plaintiff claimed disability due to a seizure disorder and other physical and psychological impairments. She had previously done either unskilled or semi-skilled work at the light exertional level, such as day care worker, cleaner, assembler, and horse tender. The administrative decision found that she did have severe impairments including a possible seizure disorder, fibromyalgia, depression, and anxiety, but that she could still perform simple, repetitive tasks in a low-stress environment. Because some of plaintiff's past work was performed in that manner, the Commissioner denied her claim for benefits.

In her statement of errors, plaintiff raised three issues: that proper weight was not given to the opinion of Dr. Parker (a testifying medical expert) concerning whether her seizure

disorder equaled Listing 11.03; that the Commissioner erred in first asserting that further clarification of certain medical issues was needed but subsequently failing to obtain that clarification; and that alternative onset dates for her claimed disability were not properly considered.  In rejecting these assignments of error, the Report and Recommendation concluded that the Commissioner was not required to accept Dr. Parker's testimony in the face of conflicting evidence; that the medical record was sufficiently clear to permit the Commissioner to make a decision based upon it; and that the record did not compel a finding of disability either on plaintiff's original onset date or any subsequent date.  Thus, it was recommended that the case be decided in favor of the Commissioner.

## II.  Plaintiff's First Objection

In her first objection to the Report and Recommendation, plaintiff asserts that the basis upon which the Commissioner discounted Dr. Parker's testimony was that plaintiff might be malingering concerning the type and frequency of her reported seizures.  However, she argues that apart from one isolated comment in the record that malingering was one of several possibilities which might explain her disorder, there was no credible evidence that she was malingering, and therefore no reasonable basis to disbelieve Dr. Parker's testimony even though it was based on plaintiff's self-report about her seizures.  She also notes that Dr. Parker is a neurologist whereas Dr. Snider, who also testified as a medical expert and whose testimony conflicted with Dr. Parker's, is an internist, so that the Commissioner should have given more weight to Dr. Parker's testimony.  In response, the Commissioner argues that Dr. Snider was not disqualified from giving an opinion about a seizure disorder even though he is not a specialist in the area, and that the Commissioner did have valid reasons for discounting

plaintiff's testimony about the nature and frequency of her seizures, so that the reason given for rejecting an expert opinion based on that testimony was a valid one.

The administrative decision makes clear that Dr. Parker's opinion about plaintiff's seizure disorder was rejected for more than one reason. The decision notes that in order for a seizure disorder to be considered disabling, it must be poorly-controlled despite prescribed therapy, and that this record does not contain evidence that plaintiff was fully compliant with treatment. (Tr. 24). The decision also pointed out that Dr. Parker relied "heavily" on a single note from a medical source who had seen plaintiff only once. Id. Finally, it noted that plaintiff's testimony about her seizures could not be entirely credible based upon the fact that she continued to drive an automobile with some frequency and with her minor children in the car. (Tr. 24-25). None of these reasons have anything to do with the comment in the medical records that plaintiff may be malingering. The Court agrees that the Commissioner articulated sufficient reasons not to accept Dr. Parker's opinion. Therefore, there is no merit in plaintiff's first objection.

### III. Plaintiff's Second Objection

Plaintiff's second objection focuses on the issue about interrogatories to the medical expert. The record reflects that, after the administrative hearing, the ALJ decided to send interrogatories to Dr. Parker. Plaintiff objected to that procedure, but, in the alternative, asked for additional interrogatories beyond those proposed by the ALJ. The ALJ then determined that no further clarification of the record was needed, and decided the case on the basis of the existing record. Plaintiff speculates that had the interrogatories been sent and answered, "perhaps the ALJ would not have improperly discounted the testimony of the Medical Expert." Plaintiff's Objections,

Doc. #18, at 3.

The legal foundation of this argument is not entirely clear. Plaintiff has pointed to no regulation or social security ruling that may have been violated by the Commissioner's decision to retract the intent to send interrogatories to the medical expert. As noted in the record, plaintiff herself took the position at the administrative level that these interrogatories were unnecessary. In her objection, plaintiff offers nothing more than speculation about what might have happened had the interrogatories been sent. Finally, she does not point out why, in the absence of answers to these interrogatories, the record upon which the Commissioner's decision was made is insufficient. Since there does not appear to have been any legal error committed here, the Court cannot sustain this second objection.

## IV. Plaintiff's Third Objection

In her final objection, plaintiff refers to new evidence attached to her objection, which consists of a notice that she has been awarded supplemental security income effective on February 24, 2009. She argues that her subsequent application for benefits must have been based on the same evidence rejected by the administrative decision under review in this case, and that the case should therefore be remanded for further consideration.

In response, the Commissioner correctly points out that the only way the Court can consider new evidence submitted after the administrative decision at issue is in conjunction with a motion for a sentence six remand. Plaintiff has never made that request. Further, in order to justify a sentence six remand, the plaintiff has the burden of demonstrating that the evidence upon which that request is based is new and material. To be considered material, the new evidence must be reasonably likely to have resulted in a different administrative decision. See

Sizemore v. Sec'y of H.H.S., 865 F.2d 709, 711 (6th Cir. 1988); Leslie v. Astrue, 2008 WL 4059946, *8 (S.D. Ohio August 26, 2008). A subsequent award of benefits, standing alone, is not such evidence. See Allen v. Comm'r of Social Security, 561 F.3d 646, 653 (6th Cir. 2009), where the Court of Appeals held that a new decision awarding benefits, by itself, cannot justify a sentence six remand because it represents no more than a possibility that there is new and material evidence in existence, and that to remand a case based on a mere possibility "contradicts the clear language of §405(g) ...." Consequently, plaintiff's third objection also lacks merit.

V. Conclusion

    For these reasons, the plaintiff's objections to the Report and Recommendation of the Magistrate Judge are OVERRULED, and the Report and Recommendation is ADOPTED. The plaintiff's statement of errors is OVERRULED, the decision of the Commissioner is AFFIRMED, and The Clerk is directed to enter judgment in favor of the defendant Commissioner.

                                                 /s/   Gregory L. Frost
                                            GREGORY L. FROST
                                            UNITED STATES DISTRICT JUDGE